## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARLIN N. GUSMAN**                                             **CIVIL ACTION**

**VERSUS**                                                          **NO. 15-5236**

**NEW ORLEANS CITY**                                           **SECTION I**

### ORDER AND REASONS

The Court has before it a motion[1] filed by Orleans Parish Sheriff Marlin N. Gusman ("the Sheriff") to remand the above-captioned matter to state court. The City of New Orleans ("the City") opposes the motion.[2] For the following reasons, the Sheriff's motion is **GRANTED**.

### BACKGROUND

The above-captioned case relates to the Consent Judgment entered by this Court with respect to unconstitutional conditions at Orleans Parish Prison ("OPP").[3] The Court assumes the reader's familiarity with the background of that case. For purposes of this order and reasons, it is sufficient to note that one of the dimensions of that litigation is a third-party complaint asserted by the Sheriff against the City and related disagreements regarding how OPP should be funded.

In connection with ongoing disputes regarding funding, the Sheriff filed a petition for a writ of mandamus against the City in Orleans Parish Civil District Court.[4] After the City removed the state-court mandamus action to federal court, it was transferred to this section as related to *Jones*

---

[1]R. Doc. No. 9.
[2]R. Doc. No. 12.
[3]*See Jones v. Gusman*, No. 12-859 (E.D. La. June 6, 2013).
[4]R. Doc. No. 1-1.

1

*v. Gusman*.[5]  The mandamus petition in this removed action requests that the City be ordered to pay

for a salary increase for Sheriff's deputies pursuant to Louisiana state law.[6]

## LAW AND ANALYSIS

**A.      Standards for Removal**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257

(5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It

is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing

the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

"Before a state-court civil action may be removed to federal district court, the action must

satisfy" 28 U.S.C. § 1441. *Id.* at 258. Section 1441(a) provides that "[e]xcept as otherwise expressly

provided by Act of Congress, any civil action brought in a State court of which the district courts

of the United States have original jurisdiction, may be removed by the defendant" to federal district

court.  "The right of removal is entirely a creature of statute," and "[t]hese statutory procedures for

removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32

(2002). *Id.*

"A federal district court may exercise original jurisdiction over any civil action that either

satisfies diversity requirements or that arises under the federal constitution, statutes, or

treaties–commonly referred to as 'federal question' jurisdiction." *City of Alexandria*, 739 F.3d at

---

[5]R. Doc. No. 5. The Sheriff also filed a second mandamus petition which was also removed
by the City and transferred to this Court. *See Gusman v. City of New Orleans*, No. 15-5235 (filed
Oct. 16, 2015). There is a substantially identical motion to remand pending in that matter, which
motion will be addressed by a contemporaneously filed order and reasons.

[6]R. Doc. No. 1-1, at 2.

258-59. "Thus, under § 1441, removal is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259 (emphasis in original).

Diversity jurisdiction is not implicated in this action between the Sheriff and the City, so the disputed issue is the presence or absence of original federal-question jurisdiction. The Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and alteration omitted). "[T]he plaintiff is the 'master of the claim,' and he 'may avoid federal jurisdiction by exclusive reliance on state law.'" *Hughes v. Chevron Phillips Chem. Co., L.P.*, 478 F. App'x 167, 170 (5th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

**B.    Analysis**

In favor of remand, the Sheriff points out that the mandamus petition invokes only state law purportedly establishing the City's duty to pay for salary increases without asserting any claim arising under federal law, the U.S. Constitution, or the Consent Judgment.[7] As a result, the Sheriff argues that no federal question appears on the face of his well-pleaded mandamus petition[8] and, therefore, that original jurisdiction is lacking and removal was improper. In opposition to the motion

---

[7]R. Doc. No. 9-1, at 4-5

[8]The City does not contend that the Sheriff's state-law claims nonetheless "'arise under' federal law and [may] be removed to federal court" because the Sheriff "'will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.'" *See Hughes*, 478 F. App'x at 170 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983)).

to remand, the City contends that the Court has ancillary enforcement jurisdiction because the Sheriff's state-court mandamus action "seeks to circumvent a federal court judgment"–namely the Consent Judgment.[9] The City points out that the mandamus petition refers to a statement by the Court-appointed Monitor in *Jones v. Gusman* that "low salaries at the OPSO serve as a barrier to compliance,"[10] and that the Consent Judgment contains provisions for addressing budget disputes.[11]

The Court concludes that removal was improper because the Court does not have original jurisdiction over the Sheriff's non-diverse, state-law mandamus action. As the Supreme Court has held, ancillary enforcement jurisdiction does not satisfy § 1441's statutory requirement of original jurisdiction for removal. *See Syngenta*, 537 U.S. at 34 (holding that ancillary enforcement jurisdiction "cannot provide the original jurisdiction that petitioners must show in order to qualify

---

[9]R. Doc. No. 12, at 7-8. The City articulates "ancillary jurisdiction" as the basis for removal. R. Doc. No. 12, at 1, 9. As the Fifth Circuit explained in *City of Alexandria*, "ancillary jurisdiction" was historically used in two different senses to refer to a court's jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *See* 739 F.3d at 257 n.1 (quoting *Kokkonen*, 511 U.S. at 379-80).

"The first type of ancillary jurisdiction has largely been codified as part of supplemental jurisdiction in § 1367." *Id.* However, the supplemental jurisdiction statute does not independently satisfy the requirement of original jurisdiction for the purposes of the removal statute. *See Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293-95 (5th Cir. 2010). Accordingly, if the City intended to use "ancillary jurisdiction" in that sense, such argument is not a basis for denying the Sheriff's motion to remand.

"The second type of ancillary jurisdiction, though not codified, remains a viable doctrine of ancillary jurisdiction and is often referred to as 'ancillary enforcement jurisdiction.'" *City of Alexandria*, 739 F.3d at 257 n.1. The City argues that the Court should exercise ancillary jurisdiction in order "to secure or preserve the fruits and advantages of a judgment or decree," R. Doc. No. 12, at 1, which language is consistent with ancillary enforcement jurisdiction, *see id.* Accordingly, the Court will analyze whether the City has established that ancillary enforcement jurisdiction suffices to make the above-captioned matter removable.

[10]R. Doc. No. 1-1, at 3.

[11]R. Doc. No. 12, at 3 (citing *Jones v. Gusman*, R. Doc. No. 466, at 42).

4

for removal under § 1441"); *see also City of Alexandria*, 739 F.3d at 257 n.1 (noting that ancillary enforcement jurisdiction cannot "provide the original jurisdiction needed for removal to federal court under 28 U.S.C. § 1441") (citation omitted)). The cases cited by the City do  not compel a finding of original jurisdiction for the purposes of removal because such cases (1) are inapposite because they did not address the *statutory* removal requirements, and/or (2) predate *Syngenta* and should not be relied upon.

First, the City cites *Royal Insurance Co. of America v. Quinn-L Capital Corp.*, 960 F.2d 1286 (5th Cir. 1992). In *Royal Insurance*, the Fifth Circuit held that "a federal district court can exercise ancillary jurisdiction over a second action in order to secure or preserve the fruits and advantages of a judgment or decree rendered by that court in a prior action . . . . even where the federal district court would not have jurisdiction over the second action if it had been brought as an original suit." *Id.* at 1292. But *Royal Insurance* did not involve original jurisdiction over a second action removed from state court and, therefore, it did not address the statutory requirements for removal. Rather, the "second action" in *Royal Insurance* over which the district court had ancillary jurisdiction was a declaratory judgment action filed in *federal court* to enjoin a separate state-court proceeding which affected an earlier federal-court judgment. *See id.* at 1291. Accordingly, *Royal Insurance* does not stand for the proposition that ancillary enforcement jurisdiction can satisfy the § 1441 requirement of original jurisdiction for purposes of removal. *See Robertson v. W. Heritage Ins. Co.*, No. 3:96-CV-2044, 1996 WL 722078, at *4 n.7 (N.D. Tex. Dec. 5, 1996) (Solis, J.) ("[B]ut *Quinn-L* does not stand for the proposition that a federal court can remove a case from state court based on its ancillary jurisdiction where the state-court suit could not have been originally filed in federal court.").

Second, the City cites *Lowery v. Foremost Insurance Co.*, No. J92-0323, 1992 WL 366912

(S.D. Miss. Dec. 3, 1992). In *Lowery*, the district court denied a motion to remand a removed state-court action that, although non-diverse and asserting only state-law claims, as a practical matter collaterally attacked an earlier federal-court judgment. *See id.* at *2-3. *Lowery* cited *Royal Insurance Co.*, which does not pertain to removal for the reasons explained above. *See id.* at *3. *Lowery* also relied on two Fifth Circuit decisions: *Deauville Associates v. Lojoy Corp.*, 181 F.2d 5 (5th Cir. 1950), and *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1976), both of which are also cited by the City[12] and which affirmed removal from state court of cases which sought to relitigate matters already determined in federal court. *See Villareal*, 529 F.2d at 1221; *Deauville*, 181 F.2d at 6.

The holdings in *Lowery*, *Deauville*, and *Villareal* are difficult to reconcile with the Supreme Court's subsequent express holding in *Syngenta* that ancillary enforcement jurisdiction cannot satisfy the § 1441 requirement of original jurisdiction for removal.[13] Accordingly, the Court finds that the authorities relied on by the City in opposition to the motion to remand are inapposite or have been implicitly overruled by the Supreme Court and should not be relied upon in support of the City's position. The City, therefore, has not carried its burden to establish *original* jurisdiction for the purposes of the removal statute.[14]

---

[12]R. Doc. No. 12, at 7.

[13]The Court also notes that the Fifth Circuit has expressed doubt about the continued validity of *Baccus v. Parrish*, 45 F.3d 958 (5th Cir. 1995), another pre-*Syngenta* decision which relied on *Deauville* and *Villareal* to affirm a district court's exercise of removal jurisdiction over a non-diverse, purely state-law case on the basis that it would have affected an earlier federal-court class action settlement. *See City of Alexandria*, 739 F.3d at 261 (declining to decide "the extent to which *Baccus* is still good law in light of *Rivet* and *Syngenta Crop Protection*").

[14]Even if the Court's ancillary enforcement jurisdiction constitutes original jurisdiction for the purposes of 28 U.S.C. § 1441, the Court is not persuaded that this removed action implicates such authority. The City does not adequately articulate how the Sheriff's purely state-law mandamus petition "seeks to attack or undermine an order of a federal district court" or "set aside a provision

The Court emphasizes that the legal basis for remanding the above-captioned case is narrow. Certainly, the Sheriff's mandamus petition relates to the Consent Judgment, but relatedness to a pending case "is not in itself sufficient grounds for removal under 28 U.S.C. § 1441." *Cf. City of Alexandria*, 739 F.3d at 260 (citation and alteration omitted). The Court notes, however, that a lack of original jurisdiction for the purposes of removal is not dispositive of the Court's authority to *enjoin* the action upon remand in the event that either the City or the Sheriff in fact attempts to undermine or "attack, unravel, or set aside" the Consent Judgment. *Cf. Rivet*, 522 U.S. at 478 & n.3 (holding that "claim preclusion by reason of a prior federal judgment . . . provides no basis for removal," but noting that "under the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court may enjoin state-court proceedings 'where necessary to protect or effectuate its judgments'") (alteration omitted).

The Court also notes that the lack of original jurisdiction over this state action for the purposes of removal does not imply that, if the issue were raised in a different procedural manner, the Court would lack jurisdiction to decide whether a salary increase is necessary for the Sheriff to come into compliance with the Consent Judgment. To the contrary, the Court retains jurisdiction to enforce implementation of the Consent Judgment and it will continue to take all necessary and appropriate steps to ensure continued progress towards compliance. The salary issue simply has not

---

of a settlement agreement in a federal case." *See City of Alexandria*, 739 F.3d at 261 (citing *Baccus*, 45 F.3d at 960). The Consent Judgment does not contain any specific requirements regarding salaries and the Court has not granted or denied a motion for a salary increase. Accordingly, it is not apparent how resolution of the Sheriff's mandamus action would impinge on the Court's own ongoing jurisdiction over implementation of the Consent Judgment or relitigate any matter decided by the Court. Nor does the City explain how the budget provisions in the Consent Judgment completely preempt a state court from addressing overlapping matters of funding. In short, the Court concludes that the Sheriff's state-court mandamus petition is not a direct attack on an order of the Court and, therefore, it does not justify removal.

been squarely presented to the Court.[15] Statements attributed to the Court-appointed Consent Judgment Monitor that "the unacceptably low salaries at the OPSO serve as a barrier to compliance,"[16] are not findings of the Court. The Court will address this issue if and when it is presented by the parties.

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Sheriff's motion is **GRANTED** and the above-captioned matter is **REMANDED** to the Orleans Parish Civil District Court.

New Orleans, Louisiana, December 8, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15]The Court has pending before it a motion filed by the City requesting partial summary judgment that "as a matter of law . . . the City regulates the salaries of the OPSO," *Jones v. Gusman*, R. Doc. No. 910-1, at 1, which motion does not seek to establish the constitutional adequacy of the present salaries. The Court will address that pending motion in due course.

[16]R. Doc. No. 1-1, at 3.